UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-61691-DPG-GAYLES/SELTZER

ALISON KESSLER,

    Plaintiff,
v.

ZIMMERMAN ADVERTISING, LLC,
a Delaware Limited Liability Company,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendant Zimmerman Advertising, LLC's Motion to Dismiss Counts II and IV of Plaintiff's Complaint [ECF No. 7]. The Court has carefully reviewed the Motion, the record, and the applicable law. For the reasons discussed below, Defendant's Motion is granted.

## BACKGROUND

Plaintiff Alison Kessler ("Plaintiff") brings this action against Defendant Zimmerman Advertising, LLC ("Defendant") alleging that Defendant discriminated and retaliated against her based on her sex/gender and her pregnancy.

### I. The Allegations

On March 4, 2016, Plaintiff began her employment with the Defendant. On June 10, 2016, Plaintiff notified Scott Thaler ("Thaler"), her supervisor, that she was pregnant. In response, Thaler told Plaintiff that it would be a problem if she could not travel for work due to her pregnancy. Plaintiff responded that she remained fully capable of performing her job duties because she had already traveled twice since becoming pregnant and she could fly for monthly client meetings if needed. Four days after Plaintiff disclosed her pregnancy, upper management,

1

including Jordan Zimmerman, Defendant's Chairman, asked Plaintiff to participate in a conference call with her main client, Kane's Furniture. During the call, Plaintiff was asked why she did not have more communications with her client. Plaintiff responded that she had several calls with Kane's Furniture and traveled twice to their headquarters in Tampa. In response, Mr. Zimmerman insulted Plaintiff for several minutes stating: "How could you be so stupid" and "You can't even make a phone call when we paid to relocate you to Florida?" [EFC No. 1]. Later that afternoon, Plaintiff was terminated.

## II. Procedural Background

On January 8, 2017, Plaintiff filed a charge of discrimination against Defendant with the United States Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR). On August 23, 2017, Plaintiff filed a four count Complaint against Defendant asserting: (1) sex/gender discrimination under both Title VII and the Florida Civil Rights Act ("FCRA") (Counts I and III) and (2) retaliation under both Title VII and the FCRA (Counts II and IV) [ECF No. 1]. Defendant has moved to dismiss Counts II and IV with prejudice, arguing that Plaintiff has failed to allege any statutorily protected activity and a "but for" link between Plaintiff's actions and her termination.[1]

## ANALYSIS

### I. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than

---

[1] Defendant has not moved to dismiss Counts I and III of the Complaint.

an unadorned, the defendant-unlawfully-harmed-me accusation." *Id*. (alteration added) (quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

**II. Retaliation Claims**

Title VII prohibits retaliation against an employee who has opposed an unlawful employment practice. *See* 42 U.S.C. § 2000e-3(a). To prove a prima facie case for retaliation, the Plaintiff must establish that: "(1) she engaged in an activity protected under Title VII; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action." *Crawford v. Carroll,* 529 F.3d 961, 970 (11th Cir. 2008). Defendant contends that Plaintiff failed to allege that she participated in protected activity. The Court agrees.[2]

To establish that she engaged in a statutorily protected activity, Plaintiff must allege that she voiced opposition to an unlawful employment practice or participated in any manner in an investigation, proceeding, or hearing concerning an unlawful employment practice. *See* 42 U.S.C. § 2000e-3(a); *see also Crawford v. Metro. Gov't. of Nashville,* 555 U.S. 271, 277-78

---

[2] The Court applies the same legal analysis to Title VII and FCRA claims that are based on the same set of facts. *Hampton v. City of S. Miami*, 186 F. App'x. 967, 970 n. 2 (11th Cir. 2006) (Title VII and FCRA).

(2009) (discussing the opposition clause of Title VII's anti-retaliation provision); *Anduze v. Fla. Atl. Univ.*, 151 F. App'x 875, 877 (11th Cir. 2005) (discussing the participation clause of Title VII's anti-retaliation provision). Plaintiff fails to allege that she voiced opposition to any practice of the Defendant. Rather she alleges that Defendant terminated her because of her pregnancy. These allegations are clearly sufficient to state a claim for discrimination "because of sex." *See Hubbard v. Meritage Homes of Fla., Inc.*, 520 F. App'x 859, 862 (11th Cir. 2013) (holding that "[t]he phrase 'because of sex' or on the 'basis of sex' in Title VII includes 'because of or on the basis of pregnancy, childbirth, or related medical conditions.'") However, they do not support a finding that Plaintiff opposed Defendant's employment practices.

Indeed, the Court cannot construe Plaintiff's statements that she is capable of performing her duties and that she can still travel for work as a complaint or opposition. Plaintiff's statements are more analogous to a reassurance that she can still perform her duties while pregnant. *See Slater v. Energy Serv. Grp. Int'l, Inc.*, 441 F. App'x 637, 642 (11th Cir. 2011) (holding that Slater's e-mail was not a complaint, but a "reassurance that Slater's pregnancy would not cause Progress Energy any problems"); *Sullivan v. Paycor, Inc.*, No. 3:13-CV-00028-H, 2013 WL 2286069, at *5 (W.D. Ky. May 23, 2013) (plaintiff's mere pregnancy announcement was not a protected activity unless she asserted legally afforded rights in relation to her pregnancy); *Quinn v. Henry Ford Health Sys.*, No. 15-10653, 2017 WL 214428, at *2 (E.D. Mich. Jan. 18, 2017) (pregnancy alone is not a protected activity but repeatedly asking for a promotion despite being pregnant could be protected activity); *Oliver v. Scranton Materials, Inc.*, No. 3:14-CV-00549, 2015 WL 1003981, at *6 (M.D. Pa. Mar. 5, 2015) (holding that "the appropriate claim is one for discrimination not retaliation" when a plaintiff requested additional maternity leave without opposing anything because she did not "confront" any practice and an employer cannot retaliate against employees for only requesting maternity leave) (internal

quotation and citation omitted). Accordingly, the Defendant's motion to dismiss Plaintiff's retaliation claims is granted.[3]

Finally, Defendant argues that the Court should dismiss Plaintiff's claims with prejudice because her EEOC charge does not adequately raise a retaliation claim. To proceed with her claims, the Plaintiff must have exhausted her administrative remedies by filing a charge with the EEOC. *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004). Additionally, the Plaintiff's Complaint is limited to the facts that can reasonably grow out of the EEOC charge. *See Thomas v. Miami Dade Pub. Health Tr.*, 369 F. App'x 19, 22 (11th Cir. 2010).

In her EEOC charge, Plaintiff stated that her employer discriminated against her based on her sex/gender and retaliated against her based on her pregnancy. Moreover, Plaintiff checked both the "SEX" box and the "RETALIATION" box on the EEOC form. *See* [ECF No. 1 Exhibit A]. The Court finds that this is sufficient for Plaintiff to be given an opportunity to replead her retaliation claim, particularly in light of the Federal Rules of Civil Procedure's mandate that leave to amend should be freely given. Fed. R. Civ. P. 15(a). However, the Court cautions Plaintiff that without any additional allegations regarding retaliation she will fail to state a claim.

---

[3] Because the Court finds that Plaintiff did not engage in statutorily protected activity, it does not address causation.

## CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [ECF No. 7] is **GRANTED**. Counts II and IV are **DISMISSED without prejudice**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of November, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE